HALL, Judge.
Extra Augustine appeals from his judgment and sentence for possession of cocaine and possession of narcotic paraphernalia. We affirm his conviction and sentence but remand for correction of the final judgment.
On April 24, 1986, at approximately seven-thirty in the evening, the appellant, a Haitian who only speaks Creole, was riding a ten-speed bicycle on a paved street when he was flagged down by two auxilliary deputy sheriffs in a patrol car traveling in the opposite direction. The deputies, Michael Teed and Harry Johnson, intended to warn the appellant that he should not be riding a bicycle without headlights or taillights as night was beginning to fall.
The appellant continued past the patrol car about twenty feet and circled back around. In the meantime, Deputy Teed got out of the car and walked to the rear of the vehicle. Since the appellant’s bicycle had poor brakes, the appellant had difficulty stopping it and ran directly into the patrol car’s bumper. As the appellant was falling Deputy Teed saw him throw “something” under the left side of the patrol car. Deputy Teed looked under the car to see what the appellant had thrown and found a matchbox behind the left tire.
At about this time Deputy Sheriff Donald Biggs, who had been patrolling the area, happened to see the deputies and the appellant stopped in the road and a small crowd of people on the right side of the road and decided to investigate. When Deputy Biggs arrived at the scene Deputy Teed handed him the matchbox which was found to contain several grams of rock cocaine. The appellant was arrested and, upon being searched, was found to be carrying three hundred fifty-seven dollars.
The appellant was charged with possession of a controlled substance with intent to sell or deliver in violation of section 893.13, Florida Statutes (1985), and possession of narcotic paraphernalia in violation of section 893.147, Florida Statutes (1985). At trial the court granted the appellant’s motion to reduce the charge of possession with intent to sell, a second degree felony, to a charge of simple possession, a third degree felony.
During his redirect examination of Deputy Johnson the prosecutor asked whether anyone was holding on to the appellant after Deputy Teed found the matchbox un *693 der the patrol car. Deputy Johnson answered:
I think after we noticed—we got the box, we didn’t have ahold of him. He was just standing there. And Teed showed the box, which Don Biggs had arrived at that time, and we opened the box while he was there. And we asked him what it was, was that his and stuff. He didn’t say nothing.
The defense then moved for a mistrial on the ground that this was a comment on the appellant’s right to remain silent. The trial court denied the motion.
The jury found the appellant guilty of simple possession and possession of paraphernalia.
On appeal the appellant argues that at the time he was questioned he was in custody and, although he had not yet been given Miranda warnings, he had the right to remain silent and it was reversible error for the witness to refer to his silence. The state argues the appellant was not yet in custody, and therefore, there was no due process violation.
Florida courts have adopted a very liberal rule for determining whether a comment constitutes a comment on the accused’s silence: “any comment which is ‘fairly susceptible’ of being interpreted as a comment on silence will be treated as such.” State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). However, such a comment is not reversible error per se. Rather, the comment is subject to the harmless error test, which
places the burden on the state ... to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction, [citation omitted.] Application of the test not only requires a close examination of the permissible evidence on which the jury could have legitimately relied, but an even closer examination of the impermissible evidence which might have possibly influenced the jury verdict.
491 So.2d at 1138.
In DiGuilio the impermissible evidence put before the jury was testimony that the defendant failed to offer any plausible explanation at the time of his arrest for his suspicious presence in the midst of a drug deal. The testimony further highlighted that DiGuilio was not testifying at trial and had still offered no plausible explanation for his presence at the scene. The permissible evidence implicating the defendant was otherwise weak. Under those circumstances the supreme court concluded the error was not harmless and constituted reversible error.
The permissible evidence in the instant case revealed that: (1) the appellant had something in his right hand, which he threw as his bicycle collided with the patrol car; (2) the deputy saw him toss the object under the car and recovered the matchbox containing rock cocaine; and (3) the appellant had three hundred fifty-seven dollars cash on his person and was unemployed. In addition, unlike the defendant in DiGuilio, the appellant testified before the jury, through an interpreter, as to his version of the facts. Specifically, the appellant stated that he had never seen the matchbox until it was presented as evidence at the trial. The appellant also testified that he does not speak or understand any English.
As in DiGuilio, the impermissible evidence put before the jury was the comment on the failure of the appellant to respond to a question of an officer. However, in the instant case it was apparent to the jury that the appellant did not speak or understand English and, therefore, could not respond to the question. It is therefore difficult for this court to say that the comment on the appellant’s silence in response to a question the appellant did not understand led the jury to conclude that the appellant failed to offer a plausible explanation of his innocence. Therefore, we do not believe the officer’s testimony that the appellant did not respond to his question reached the level of being a constitutionally impermissible comment on the appellant’s silence.
Even if we were to consider the comment to be impermissible, in view of the fact that the permissible evidence impli- *694 eating the appellant was strong and there is no possibility that the comment could have contributed to the conviction, we find the error was harmless and, therefore, does not constitute reversible error.
Finally, as the appellant points out, the trial court granted the appellant’s motion to reduce the charge of possession with intent to sell to simple possession and the scoresheet was calculated based on simple possession; however, the final judgment reflects a conviction for possession of a controlled substance with intent to sell, rather than possession.
We find no merit in the appellant’s other argument. Accordingly, we affirm the appellant’s conviction but remand for correction of the final judgment to reflect that the appellant was convicted of possession of a controlled substance.
FRANK, J., concurs in result only.
SCHOONOVER, A.C.J., dissents with opinion.